NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONCEPCION GUZMAN SANCHEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-71518 <br><br> Agency No. A073-000-360 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2022[**]
San Francisco, California

Before:  O'SCANNLAIN and BUMATAY, Circuit Judges, and BAKER,[***] International Trade Judge.

Concepcion Guzman Sanchez petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review denials of those claims for substantial evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part.

1.    We lack jurisdiction to consider Sanchez's arguments regarding her gang-opposition social group. Our jurisdiction extends only to those claims exhausted before the BIA. 8 U.S.C. § 1252(d)(1); *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). And here, Sanchez did not present the social group of "Hondurans who take concrete steps to oppose gang membership and gang authority" to the BIA. At the BIA, she argued only that she was persecuted on account of (1) her actual or imputed political opinion; and (2) her membership in her nuclear family. Because Sanchez's newly-proposed social group is unexhausted before the BIA, we lack jurisdiction to review any claims in connection with that group.

2.    Because Sanchez did not in her opening brief meaningfully challenge the BIA's dispositive findings, those issues are waived and her petition fails. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that a party waives an issue by failing to meaningfully discuss that issue in the opening brief). As noted above, the bulk of the argument in the opening brief consists of assertions about why the IJ (rather than the BIA) purportedly erred by not addressing the gang-

2

opposition social group. The remainder of the argument focuses on whether the IJ (again, rather than the BIA) erred in finding that the harm Sanchez described did not rise to the level of past persecution. The result of Sanchez's exclusive focus on the IJ's alleged errors is that her brief fails to address the BIA's findings at all, much less address why she contends they were erroneous.[1]

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[1] A petitioner cannot preserve an argument by writing a couple of brief introductory and concluding sentences that only mention the argument in passing. *See Martinez-Serrano*, 94 F.3d at 1259 ("Issues raised in a brief that are not supported by argument are deemed abandoned."); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).